## Mitch v. Levan

*Eugene F. Wisniewski*, for plaintiff.
*Kenneth Sands, Jr.*, for defendant.

HESS, *J.*, November 8, 1974—This case was listed for argument before one judge on our short argument list for November term, 1974, by agreement of counsel. In accordance with our procedure, the parties agree that no opinion need be filed to support the conclusion of the judge, it being understood that usually only matters not subject to appeal at that stage of the proceedings will be listed for disposition on the short list. Because this case presents unusual problems, the judge who heard the argument prefers to set forth reasons for his decision.

On May 24, 1974, a district justice heard and decided a civil action, rendering a public judgment in favor of the present defendant, Catherine D. Levan. At the hearing, Mrs. Levan was represented by counsel, but Mr. Mitch appeared without counsel, and, at argument, all parties conceded that, acting as his own lawyer, he did a poor job. All parties agree that on the record at that time the district justice entered a proper judgment.

When Mr. Mitch lost the case, he belatedly retained counsel. On June 10, 1974, Mr. Mitch, through counsel, filed an action in trespass by way of a complaint. It was served on defendant June 20, 1974. An answer containing new matter was filed July 10, 1974, the new matter setting forth the prior proceeding before the district justice, the judgment rendered by the district justice, alleging failure to file a notice of appeal and requesting judgment in her favor on the basis of res adjudicata.

Counsel for plaintiff admits failure to comply with the requirements of the rules relating to appeal from judgment of district justices in civil cases. That procedure is fully covered in the Pennsylvania Rules for Justices of the Peace 1002 through 1008. Plaintiff failed to file a "Notice of Appeal" as required by Rule 1002. Plaintiff filed a petition for leave to file a "Notice of Appeal" nunc pro tunc. Commendably, his attorney accepted full responsibility for such failure, alleging he "inadvertently failed to file a Notice of Appeal. . . ."

It is plain that plaintiff failed to comply with Rule 1002. On the other hand, the institution of the action now before us is clearly a notice that he intended to appeal and was not satisfied with the judgment as rendered. We are well aware that a court should not grant relief to a party in a situation such as here present except for reason of exceptional circumstances. We are satisfied that such circumstances are here present.

Rule 126 of the Rules of Civil Procedure provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. *The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the sub-*

*stantial rights of the parties.*" (emphasis supplied).

It might well be argued that a "substantial right" of the present defendant is involved, because she now holds a judgment rendered in her favor by the district justice. Conversely, it is evident that if we dismiss the petition now before us, plaintiff will be subject to an adverse final judgment and might well take an appeal from our ruling to the appellate court, resulting in delay and considerable expense.

In our opinion, in accordance with the provisions of Rule 126, supra, we should permit the filing of a notice of appeal nunc pro tunc so that the case can be immediately referred to arbitration, the amount in controversy being $523.06, so that plaintiff may be assured of his day in court with counsel. This conclusion being that of a single judge, it is only fair to add that in the event there is an ultimate judgment adverse to defendant, defendant must have the right to raise the propriety of this ruling before a court en banc.

And now, November 8, 1974, the petition for leave to file a "Notice of Appeal" nunc pro tunc is granted providing such notice is filed, in accordance with Rule 1002, supra, within five days of this date. Exception allowed to defendant.